# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

The Step2 Company, LLC

               Plaintiff,

v.

Ledge Lounger, Inc.,

               Defendant.

Case No. 5:24-cv-807

**Jury Trial Demanded**

## DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

Now comes Defendant Ledge Lounger Inc. ("Ledge Lounger" or "Ledge"), by and through counsel, and hereby moves under Fed. R. Civ. P. 12(b)(2) to dismiss all claims for lack of personal jurisdiction and moves under Fed. R. Civ. P. 12(b)(6) to dismiss the tortious interference and defamation claims for failure to state a claim.

A Memorandum in Support is attached hereto.

Dated: July 8, 2024

Respectfully submitted,

By: /s/ Matthew P. Becker
Drew H. Campbell (0047197)
dcampbell@brickergraydon.com
BRICKER GRAYDON
100 South Third Street
Columbus, OH 43215
Tel. (614) 227-2300
Fax: (614) 227-2390

Scott A. Burow (*admitted pro hac vice*)
Illinois Bar No. 6242616
sburow@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Matthew P. Becker (admitted *pro hac vice*)
Illinois Bar No. 6255614
mbecker@bannerwitcoff.com
Christian T. Wolfgram (admitted *pro hac vice*)
Illinois Bar No. 6333565
cwolfgram@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 S. Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

ATTORNEYS FOR DEFENDANT
LEDGE LOUNGER, INC.

## TABLE OF CONTENTS

MEMORANDUM IN SUPPORT ...........................................................................................1

I.     INTRODUCTION .........................................................................................................1

II.    STATEMENT OF THE ISSUES ..................................................................................2

III.   SUMMARY OF THE ARGUMENT .............................................................................3

IV.   ARGUMENT ..................................................................................................................4

      A.    The Complaint Fails to Set Forth a *Prima Facie* Basis for Personal Jurisdiction ................................................................................................................................4

           1.    Applicable Law ...........................................................................................4

           2.    Declaratory Judgment Claims .................................................................6

           3.    Ledge Lounger Does Not Have Sufficient Minimum Contacts with Ohio --- All Claims ...........................................................................................7

V.     THE COMPLAINT FAILS TO STATE A CLAIM....................................................10

      A.    Tortious Interference .........................................................................................11

           1.    Ledge Lounger's Infringement Report is Not the Proximate Cause of Step2's Alleged Injury ...........................................................................12

           2.    The Complaint Fails to Allege a Breach of Termination of a Relationship ...........................................................................................13

      B.    Defamation ..........................................................................................................14

           3.    Step2 Failed to Plead Facts Demonstrating a Plausible Claim that the Amazon Takedown Notice was False or Defamatory..........................14

           4.    Step2 Failed to Plead Facts Showing Ledge Lounger's Infringement Report was the Proximate Cause of Step2's Alleged Injury ...............15

           5.    Statements to Amazon Are Absolutely Privileged...............................15

VI.   CONCLUSION.............................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amway Corp. v. Kope Food Prods., Inc.*,
   840 F.Supp. 78 (E.D. Mich. 1993) .......................................................................................7

*Anthony List v. Driehaus*,
   779 F.3d 628 (6th Cir. 2015) ............................................................................................14

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*,
   502 F.3d 545 (6th Cir. 2007) ............................................................................................11

*Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*,
   552 F.3d 1324 (Fed. Cir. 2009) ..........................................................................................6

*Baldwin v. adidas America, Inc.*,
   No. C2-02-265, 2002 WL 2012562 (S.D. Ohio July 29, 2002) ...........................................15

*Barilla v. Patella*,
   760 N.E. 2d 898 (Ohio Ct. App. 2001) ..............................................................................15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................................11

*Blessing v. Chandrasekhar*,
   988 F.3d 889 (6th Cir. 2021) ...........................................................................................6, 8

*Brana v. Moravcik*, No. 20-4057,
   2021 WL 4771008 (6th Cir. May 18, 2021).......................................................................6, 8

*Cadle Co. v. Schlichtmann*,
   123 F. App'x 675 (6th Cir. 2005) ...............................................................................6, 9, 15

*Calphalon Corp. v. Rowlette*,
   228 F.3d 718 (6th Cir. 2000) .............................................................................................6

*Dadbod Apparel LLC v. Hildawn Design LLC*,
   No. 2-24-cv-00188, 2024 WL 1886497 (N.D. Cal. Apr. 30, 2024)......................................10

*English Tea Shop USA v. Hall*,
   Civil Action No. 3:20-cv-3453-B (N.D. Tex. May 17, 2021)...............................................10

*Erie County Farmers' Ins. Co. v. Crecelius*,
   122 Ohio St. 210 (1930)...................................................................................................15

*Etekcity Corp. v. Devine LEDS Ltd.*,
   Case No. SACV-19-1246, 2019 WL 7945607 (C.D. Cal. Oct. 30, 2019) ..........................7, 10

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)..........................................................................................................5

*J.M. Smucker Co. v. Hormel Food Corp.*,
   526 F.Supp.3d 294 (N.D. Ohio 2021)..................................................................................6

*Jackson v. City of Columbus*,
   194 F.3d 737 (6th Cir. 1999) ..............................................................................................2

*LAK, Inc. v. Deer Creek Enter.,*
    885 F.2d 1293 (6th Cir. 1989) ................................................................5

*League of United Latin Am. Citizens v. Bredesen,*
    500 F.3d 523 (6th Cir. 2007) ................................................................11

*MAG IAS Holdings, Inc. v. Shmuckle,*
    854 F.3d 894 (6th Cir. 2017) ...............................................................5, 8

*Maxitrate Tratamento Termico E Controles v. Super Systems, Inc.,*
    617 Fed.Appx. 406, 409, 2015 WL 3407370 (6th Cir. May 28, 2015) ...................................8

*Means v. U.S. Conference of Catholic Bishops,*
    836 F.3d 643 (6th Cir. 2016) ................................................................5

*MercAsia USA Ltd. v. 3BTech Inc.,*
    Case No. 3:17-CV-718, 2020 WL 3549894 (N.D. Ind. June 30, 2020) ...................................13

*NOCO Co. v. OJ Commerce, LLC,*
    35 F.4th 475 (6th Cir. 2022) .......................................................passim

*Parker v. Winwood,* 938 F.3d 833, 839(6th Cir. 2019)............................................5, 8

*Prakash v. Altadis U.S.A Inc.,*
    2002 WL 1109918 (N.D. Ohio March 30, 2012) ...........................................16

*Reister v. Gardner,*
    164 Ohio St. 3d 546 (Ohio 2020)............................................................15

*Reynolds v. Int'l Amateur Athletic Fed'n,*
    23 F.3d 1110 (6th Cir. 1994) ................................................................9

*Serras v. First Tenn. Bank Nat'l Ass'n,*
    875 F.2d 1212 (6th Cir.1989) ................................................................4

*Shenzhen Wanfan Tech. Co. Ltd. v. Orbital Structures Pty Ltd.,*
    No. 23-cv-02330, 2024 WL 325339 (N.D. Ill. Jan. 29, 2024) ................................10

*SnapPower v. Lighting Def. Grp.,*
    100 F.4th 1371 (Fed. Cir. 2024) ............................................................9

*SunCoke Energy, Inc. v. MAN Ferrostaal Aktiengesellschaft,*
    563 F.3d 211 (6th Cir. 2009) ................................................................4

*Sunny Factory, LLC v. Chen,*
    No. 21 C 3648, 2022 WL 742429 (N.D. Ill. March 11, 2022) ................................16

*Walden v. Fiore,*
    571 U.S. 277 (2014).......................................................................passim

**Statutes**

Ohio Rev. Code § 2307.382(A) ................................................................5

Ohio Rev. Code § 2307.382(C) ................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(2)......................................................................................i, 2, 4

Fed. R. Civ. P. 12(b)(6)................................................................................i, 2, 4, 10

**MEMORANDUM IN SUPPORT**

## I.    INTRODUCTION

Defendant Ledge Lounger Inc. ("Ledge Lounger" or "Ledge") is a Texas corporation having its headquarters located in Texas. Ledge Lounger manufactures and sells outdoor products, including distinctive in-pool chaise lounge chairs. The United States Patent and Trademark Office awarded Ledge Lounger a federal registration (U.S. Trademark Registration No. 6,932,905) for the trade dress of its lounge furniture; outdoor furniture, and Ledge Lounger also has common law trade dress rights. Complaint, ¶¶ 3, 40.

Plaintiff The Step2 Company, LLC ("Step2") is a Delaware limited liability company with a principal place of business in Ohio. Complaint, ¶ 2. Step2 is a manufacturer of rotational molded plastic goods. *Id.*, ¶ 8. In 2023, Step2 expanded its product line to pool furniture, including the Vero Pool Lounger chaise lounge. *Id.* at ¶¶ 10-11.

On April 3, 2024, Ledge Lounger sent Step2 correspondence identifying Ledge Lounger's intellectual property rights, including its federally registered trade dress, and informing Step2 that its Vero Pool Lounger infringes Ledge Lounger's trade dress. Complaint, ¶ 47, Ex. A. On April 19, 2024, counsel for Ledge Lounger submitted an on-line form to Amazon to allege that Step2's Vero Pool Lounger chaise infringed Ledge Lounger's intellectual property rights. Complaint, ¶ 48, Ex. B. Amazon is based in Seattle, Washington. *See* https://www.aboutamazon.com/workplace/corporate-offices.   On April 23, 2024, Amazon informed Ledge Lounger it had "reviewed your report and removed the infringing content" following its investigation. Ex. C (Amazon's report notes that its "team only investigates one type of infringement per submission …."); *see* Complaint, ¶52.[1]

---

[1] The Complaint refers to Ledge Lounger's cease and desist letter and the Amazon takedown communications, but did not attach copies of these documents. These documents are properly

On May 6, 2024, Step2 filed the Complaint which alleges four claims for relief: (1) declaratory judgment of invalidity and unenforceability, (2) declaratory judgment of noninfringement, (3) tortious interference, and (4) defamation. Complaint, ¶¶ 56-71. Step2 alleges personal jurisdiction based on two actions—a single cease and desist letter notifying Step2 of their infringement and the submission of an infringement report to Amazon, which is located in the state of Washington. Complaint, ¶¶ 7, 47, 48. The sole basis for personal jurisdiction over the tortious interference and defamation claims is the Amazon infringement report. Complaint, ¶¶ 65-66, 69-71.

Ledge Lounger moves under Fed. R. Civ. P. 12(b)(2) to dismiss all claims for lack of personal jurisdiction and moves under Fed. R. Civ. P. 12(b)(6) to dismiss the tortious interference and defamation claims for failure to state a claim for the reasons explained below.

## II.      STATEMENT OF THE ISSUES

1.      Whether the Court may exercise personal jurisdiction over Defendant Ledge Lounger when it did not purposefully direct acts to the state of Ohio and the only link to the forum is Plaintiff's alleged injury in Ohio.

2.      Whether Step2 failed to state a claim for defamation or tortious interference with a business relationship because Ledge was not the proximate cause of Step2's injury as Amazon's independent investigation was an intervening cause that relieves Ledge of any responsibility.

3.      Whether Step2 failed to state a claim for defamation where no specific statement to Amazon was identified as false or defamatory.

4.      Whether Step2 failed to state a claim for defamation because an absolute privilege

---

considered part of the pleadings. *See Jackson v. City of Columbus*, 194 F.3d 737, 745-46 (6th Cir. 1999) ("[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim.").

applies to a statement in an Amazon infringement report.

5.  Whether Step2 failed to state a claim for tortious interference with a business relationship because it failed to allege a beach or termination of any relationship with Amazon or its customers.

## III.   SUMMARY OF THE ARGUMENT

Ledge Lounger lacks sufficient minimum contacts with Ohio to exercise personal jurisdiction over Ledge Lounger. Step2 alleges personal jurisdiction for its declaratory judgment claims relating to Ledge Lounger's trade dress rights, defamation and tortious interference claims based on two actions: (1) a notice of infringement letter from Ledge Lounger's counsel to Step2, and (2) an infringement report submitted to Amazon in Seattle, Washington. Neither action alone or in combination satisfies the minimum contacts necessary to satisfy the Due Process Clause. The only activity directed to Ohio is the sending of the notice of infringement letter. But, sending a letter relating to trade dress infringement is insufficient, on its own, to establish personal jurisdiction. The Amazon infringement report was not an enforcement action in Ohio, because the on-line report was directed to Amazon in Seattle, Washington. Although Step2 alleges harm in Ohio from Amazon's decision to take down the infringing product from Amazon's website, harm to the complainant in the forum is insufficient to establish minimum contacts for personal jurisdiction under Supreme Court and Sixth Circuit precedent. Thus, Step2 did not plead sufficient facts to support that Ledge Lounger had the necessary minimum contacts with Ohio to exercise personal jurisdiction over its declaratory judgement claims.

Step2's Complaint also fails to state a plausible claim for tortious interference and defamation. Both claims require Step2 to demonstrate that Ledge Lounger was the proximate cause of its alleged injuries. But, Ledge was not the proximate cause of Step2's alleged injury because Amazon's independent investigation of infringement was an intervening cause that relieves Ledge

of any responsibility. *NOCO Co. v. OJ Commerce, LLC*, 35 F.4th 475, 482 (6th Cir. 2022). Step2 also fails to plead a plausible claim of tortious interference because Amazon's policies permit it to remove products from its website for any reason. Finally, Step2's defamation claim fails because allegations of infringement in the context of anticipated judicial or quasi-judicial activity are protected by an absolute litigation privilege and Step2 failed to plead any specific false or defamatory statement Ledge Lounger made to Amazon.

For at least these reasons, Step2's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal and Rule 12(b)(6) for failure to state a claim.

## IV.     ARGUMENT

### A.   The Complaint Fails to Set Forth a *Prima Facie* Basis for Personal Jurisdiction

The Complaint alleges four claims for relief: (1) Declaratory Judgment of Invalidity and Unenforceability, (2) Declaratory Judgment of Noninfringement, (3) Tortious Interference, and (4) Defamation. ECF #1, ¶¶ 56-71. Step2 alleges personal jurisdiction based on two actions—a cease and desist letter notifying Step2 of their infringement and the submission of an infringement report to Amazon, which is located in the state of Washington. ECF #1, ¶¶ 7, 47, 48. As discussed below, these actions, alone or in combination, are insufficient to find that Ledge has sufficient minimum contacts with Ohio for the court to exercise personal jurisdiction over Ledge.

#### 1.   Applicable Law

In the context of a Rule 12(b)(2) motion, a plaintiff bears the burden of establishing the existence of personal jurisdiction.[2] *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989). And "personal jurisdiction...must be proper as to each claim." *SunCoke Energy, Inc. v. MAN Ferrostaal Aktiengesellschaft*, 563 F.3d 211, 219 (6th Cir. 2009).

---

[2] The Complaint does not allege that there is general personal jurisdiction over Ledge in Ohio.

A federal court can exercise personal jurisdiction over a defendant in a diversity action if jurisdiction is (1) authorized by the law of the state in which it sits,[3] and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. *Parker v. Winwood,* 938 F.3d 833, 839 (6th Cir. 2019). The Due Process inquiry examines whether a nonresident defendant has sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction satisfies "traditional notions of fair play and substantial justice." *Id.,* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

With respect to purposeful availment, the Sixth Circuit has applied a three-part test for personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016). The "failure to meet any one of the three means that personal jurisdiction may not be invoked." *LAK, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1303 (6th Cir. 1989).

The "minimum contacts" analysis depends on the defendant's contact with the forum, "not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). As both the Supreme Court and Sixth Circuit have held, the mere injury to the plaintiff in the forum is insufficient to establish personal jurisdiction. *Walden*, 571 U.S. 277, 285; *MAG IAS Holdings, Inc. v. Shmuckle*, 854 F.3d 894, 901 (6th Cir. 2017); *Parker v. Winwood*, 938 F.3d 833,

---

[3] For purposes of this motion, Ledge does not contest that Ohio's Long Arm Statute authorizes exercise of personal jurisdiction. Ohio Rev. Code § 2307.382(A). Ohio's long-arm statute allows the exercise of personal jurisdiction to the extent allowed by the U.S. Constitution. *Id.* § 2307.382(C).

840 (6th Cir. 2019) (holding *Walden* foreclosed that alleged willful copyright infringement in England "qualifies as purposeful activity in Tennessee because [defendant] intentionally harmed Tennessee residents."); *Brana v. Moravcik*, No. 20-4057, 2021 WL 4771008, *3 (6th Cir. May 18, 2021) (affirming dismissal for lack of personal jurisdiction because "alleged injury alone does not demonstrate a substantial connection between [defendant] and Ohio to satisfy due process.").

"The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 279. In other words, "the plaintiff cannot be the only link between the defendant and the forum." *Blessing v. Chandrasekhar*, 988 F.3d 889, 904 (6th Cir. 2021) quoting *Walden*, 571 U.S. at 285.

### 2. Declaratory Judgment Claims

Declaratory judgment claims arise from the activity of the defendant enforcing the alleged intellectual property within the forum. *J.M. Smucker Co. v. Hormel Food Corp.*, 526 F.Supp.3d 294, 302 (N.D. Ohio 2021) citing *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1332-1333 (Fed. Cir. 2009). The only actions directed to Ohio relating to enforcement of Ledge's trade dress rights is one cease and desist letter.[4] Complaint, ¶ 47.

The mere sending of cease and desist letters relating to trade dress infringement are insufficient, on their own, to establish personal jurisdiction for declaratory judgment claims. *J.M. Smucker*, 526 F.Supp.3d at 303; *see Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000); *Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 681 (6th Cir. 2005) (attorney demand letter to plaintiff threatening litigation does not provide basis for exercising personal jurisdiction). This

---

[4] The Complaint alleges that "Ledge Lounger regularly does and solicits business" in Ohio. Complaint, ¶ 7. Ledge Lounger's business activities, however, are not enforcement activities relevant to the inquiry of personal jurisdiction in the context of a declaratory judgment claim. *J.M. Smucker*, 526 F.Supp.3d at 305-306 (citations omitted)).

is because subjecting an intellectual property owner to the foreign jurisdiction simply on the basis of written notice of infringement would offend traditional notices of substantial justice and fair play. *Id.; Amway Corp. v. Kope Food Prods., Inc.*, 840 F.Supp. 78, 81-82 (E.D. Mich. 1993).

The infringement reports submitted via Amazon's on-line form is also not an enforcement action directed to Ohio. The reports were directed to Amazon in the state of Washington. *Etekcity Corp. v. Devine LEDS Ltd.*, Case No. SACV-19-1246, 2019 WL 7945607, *3 (C.D. Cal. Oct. 30, 2019) (granting motion to dismiss for lack of personal jurisdiction finding "Plaintiff sent the letter to Amazon, located in Seattle, Washington …. which would make the letter a contact with Washington.").

Accordingly, Step2 has not plead sufficient enforcement activities *in this forum* relating to Ledge Lounger's trade dress for the court to exercise personal jurisdiction.

### 3. Ledge Lounger Does Not Have Sufficient Minimum Contacts with Ohio -- - All Claims

Step2's Complaint fails to set forth a prima facie case of personal jurisdiction because the only tie to the forum is Step2 and its alleged injury in the forum. Step2 alleges that "when Defendant Ledge Lounger submitted its infringement reports with Amazon regarding Step2's Vero Pool Lounger, Defendant Ledge Lounger purposefully directed its activities at Step2 in Ohio, intending effects that would be felt in Ohio, and, indeed, that were expressly aimed at Ohio." Complaint, ¶ 54. The Amazon infringement report was not sent to Ohio or directed to Ohio. The infringement report was sent to Amazon in Seattle, Washington. *Etekcity Corp.,* 2019 WL 7945607, *3. The infringement report was not specifically about activities in Ohio. Rather, the report complained about the Vero product listing on Amazon's website which is accessible anywhere in the world. The infringement report was not Ohio-centric and has no connection to this forum other than the fact that Step2 is located in the forum.

- 7 -

In essence, Step2 predicates personal jurisdiction solely based on alleged injury in the forum. But, the Supreme Court and Sixth Circuit precedent foreclose this argument, as both have held that the mere injury to the plaintiff in the forum is insufficient to establish personal jurisdiction. *Walden*, 571 U.S. 277, 285 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."); *MAG IAS Holdings, Inc. v. Shmuckle*, 854 F.3d 894, 901 (6th Cir. 2017); *Parker v. Winwood*, 938 F.3d 833, 840 (6th Cir. 2019) (holding *Walden* foreclosed that alleged willful copyright infringement in England "qualifies as purposeful activity in Tennessee because [defendant] intentionally harmed Tennessee residents."); *Brana v. Moravcik*, No. 20-4057, 2021 WL 4771008, *3 (6th Cir. May 18, 2021) (affirming dismissal for lack of personal jurisdiction because "alleged injury alone does not demonstrate a substantial connection between [defendant] and Ohio to satisfy due process."); *Blessing v. Chandrasekhar*, 988 F.3d 889, 904 (6th Cir. 2021) (alleged harm in Kentucky insufficient to exercise personal jurisdiction); *Maxitrate Tratamento Termico E Controles v. Super Systems, Inc.*, 617 Fed.Appx. 406, 409, 2015 WL 3407370, at *3 (6th Cir. May 28, 2015) (holding *Walden* forecloses theory of personal jurisdiction based on the argument that jurisdiction is proper where a plaintiff felt the effects of a defendant's actions).

Step2's claims are premised on a communication (an infringement report) sent to Amazon in Washington. Where communications form the basis of a claim, the Sixth Circuit has consistently held that "personal jurisdiction is absent when the communication was not specifically directed at the forum state." *Blessing,* 988 F.3d at 905-907 (exercising personal jurisdiction over out-of-state defendant would not comply with due process because allegedly tortious positing on social media were not specifically directed to forum); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110,

1114 (6th Cir. 1994) (London-based association not subject to personal jurisdiction in Ohio where press release concerned plaintiff's activities abroad and defendant did not publish or circulate the press release in Ohio); *Cadle,* 123 F. App'x at 679 (no personal jurisdiction over defendant in Ohio where publication was about Ohio resident, but publication was not "specifically target[ed] or [wa]s even directed at Ohio readers, as opposed to residents of other states."). While the infringement report was about Step2, it was directed to Amazon in Washington. And the complained about activities were not specific to Ohio, but to a product on Amazon's website accessible anywhere in the world. As in *Walden*, Step2 was allegedly injured in Ohio "not because anything independently occurred there, but because [Ohio] is where [Step2] chose to be." *Walden*, 571 U.S. at 290.

The Court should decline Step2's invitation to follow the Federal Circuit's *SnapPower* decision. *See* Complaint, ¶ 7 citing *SnapPower v. Lighting Def. Grp.*, 100 F.4th 1371, 2024 WL 1916631 (Fed. Cir. 2024). First, *SnapPower* is not binding precedent because it applied Federal Circuit law to a patent issue whereas the Sixth Circuit's case law governs personal jurisdiction in this case. Second, *Snap Power* was wrongly decided and the Sixth Circuit would reject the Federal Circuit's reasoning. The Federal Circuit concluded that "LDG purposefully directed its activities at SnapPower in Utah, *intending effects that would be felt in Utah*, and conclude this satisfies the first element of our test for personal jurisdiction." *SnapPower*, 100 F4th at 1375. In other words, the Federal Circuit relied solely on the injury in Utah as the only contact with Utah. As discussed above, *Walden* forecloses this argument, as the Sixth Circuit has repeatedly held. Finally, the Federal Circuit found its decision "consistent with our sister circuits which held extra-judicial enforcement activities, even when routed through a third party, satisfy purposeful direction." *Id.* at 1375. The validity of the sister circuit decisions cited from the Ninth and Tenth Circuit cited in

*SnapPower* are dubious because all three cases were decided *before* the Supreme Court issued its *Walden* decision rejecting the proposition that injury in a forum is sufficient to establish personal jurisdiction.

Instead, this Court should follow the majority of courts that have addressed this issue and find that infringement reports (*i.e.* takedown letters) directed to out-of-forum website providers do not constitute purposeful acts directed to the forum sufficient to exercise personal jurisdiction under state long-arm statutes. *Dadbod Apparel LLC v. Hildawn Design LLC*, No. 2-24-cv-00188, 2024 WL 1886497, *4-5 (N.D. Cal. Apr. 30, 2024) (Amazon takedown actions did not constitute purposeful direction despite "allegations that Defendants' actions were intended to affect Plaintiff and that Defendant had knowledge of Plaintiff's contacts with forum"); *Shenzhen Wanfan Tech. Co. Ltd. v. Orbital Structures Pty Ltd.*, No. 23-cv-02330, 2024 WL 325339, *4 (N.D. Ill. Jan. 29, 2024) (granting motion to dismiss, finding Court cannot exercise personal jurisdiction under Illinois long-arm statute where tortious interference claims based on Amazon takedown complaints); *English Tea Shop USA v. Hall*, Civil Action No. 3:20-cv-3453-B, *6-7 (N.D. Tex. May 17, 2021) (granting motion to dismiss for lack of personal jurisdiction because Amazon takedown notices not purposely directed to Texas); *Etekcity,* 2019 WL 7945607 at *3 (granting motion to dismiss for lack of personal jurisdiction, finding infringement notice to Amazon was directed to Washington and not the forum). The reasoning in these decisions best aligns with the *Walden* decision and Sixth Circuit precedent applying it.

For at least these reasons, Ledge Lounger requests that its motion for lack of personal jurisdiction be granted.

## V.    THE COMPLAINT FAILS TO STATE A CLAIM

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original). Showing entitlement to relief "'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

As discussed below, the Complaint fails to set forth plausible claims for tortious interference and defamation.

## A. Tortious Interference

To prove tortious interference with a business relationship requires a plaintiff to show: "(1) a business relationship, (2) the wrongdoer's knowledge thereof, (3) an intentional interference causing a breach or termination of the relationship, and (4) damages ...." *NOCO*, 35 F.4th at 482 quoting *Westfall Auto Sales, LLC v. Zurich Am. Ins. Co.*, 2021 WL 5298540, at \*4 (6th Cir. Nov. 15, 2021). Step2 must also prove that Ledge is the proximate cause of its alleged injury. *Id.* at 481.

The Complaint fails to state a plausible claim of tortious interference for at least two reasons. First, Ledge was not the proximate cause of Step2's alleged injury because Amazon's independent investigation of infringement was an intervening cause that relieves Ledge of any responsibility. *NOCO*, 35 F.4th at 485-86. Second, the Complaint fails to allege a breach or termination of the relationship between Step2 and Amazon or its customers. Indeed, Step2 agreed to Amazon's policies which allow Amazon to remove products that possibly infringe intellectual property rights of others.

### 1. Ledge Lounger's Infringement Report is Not the Proximate Cause of Step2's Alleged Injury

Step2's tortious interference claims fail to state a plausible claim because under binding Sixth Circuit precedent Ledge Lounger was not the proximate cause of Step2's injury. In *NOCO*, the Sixth Circuit addressed, under Ohio law, whether a party who submitted reports to Amazon that resulted in products being removed from Amazon's platform could be liable for defamation and tortious interference with a business relationship. *NOCO*, 35 4th at 476. The district court granted summary judgment on the claims, finding that the plaintiff failed to show that the filer of the Amazon complaint was the proximate cause of its injury. *Id.* at 480. The Sixth Circuit affirmed, finding that three intervening actions broke the causal claim, relieving the defendant of any liability. *Id.* at 479. The Sixth Circuit reasoned in relevant part:

> Here, Amazon conducted its own independent investigation. And it made the decision to deactivate OJC's account based on that investigation. Amazon's anti-counterfeiting policy tells us just as much. In its policy, Amazon explicitly states that it takes actions based on its own review. And Amazon sent multiple warning emails to OJC before deactivating OJC's account. This shows that Amazon did, in fact, investigate the claims and that NOCO had no role in the investigation or the ultimate decision. OJC provided no evidence to the contrary. Thus, even if NOCO's complaint alone set off Amazon's investigation, Amazon had the chance to "eliminate the hazard" and didn't. So Amazon's independent investigation was an intervening cause that relieves NOCO of any responsibility.

*Id.* at 487.

As in *NOCO*, Amazon's independent investigation of trade dress infringement was an intervening cause that relieves Ledge Lounger of any responsibility as a matter of law. *See* Ex. C. Amazon's report to Ledge Lounger made clear that Amazon reviewed and investigated the infringement before removing Step2's Vero Lounger chair from its platform. That *NOCO* involved Amazon's anti-counterfeiting policy whereas this case involves Amazon's trademark policy is a distinction that does not alter the legal reasoning underlying the decision in *NOCO*.

- 12 -

### 2.   The Complaint Fails to Allege a Breach of Termination of a Relationship

The Complaint alleges that Ledge's submission of infringement reports to Amazon harmed its relationship with Amazon and Step2's customers, but fails to identify any alleged breach or termination of a relationship.[5] *NOCO,* 35 F.4th at 482. Indeed, there has been no such breach or termination because Amazon acted in compliance with its policies, which Step2 agreed to by listing its products on Amazon. Amazon's Intellectual Property Policy for sellers requires sellers to "not violate the IP rights" of others, and that "[v]iolating this policy may result in loss of selling privileges." Ex. D. Amazon also has a Services Business Solutions Agreement which states: "Amazon has the right to determine, the design, content, functionality, availability and appropriateness of its websites, selection, and *any product or listing* in the Amazon Stores, and all aspects of each Service, *including your use of the same.* Amazon may assign any of these rights or delegate any of its responsibilities." Ex. E, ¶ 5-6 (emphasis added). Based on the Policy and Agreement, Amazon has the ability to remove any product on its website for any reason, including infringement of intellectual property rights of others.

Nothing Ledge Lounger did interfered with Step2's relationship with Amazon. Rather, Amazon followed it intellectual property policy and Services Business Solutions Agreement that Step2 agreed to. As such, Ledge Lounger cannot be liable for tortious interference as there has been no breach or termination. *See MercAsia USA Ltd. v. 3BTech Inc.*, Case No. 3:17-CV-718, 2020 WL 3549894 (N.D. Ind. June 30, 2020) (tortious interference claim based on party sending patent infringement reports to Amazon that resulted in removal of products from website had "no chance of success on the merits").

---

[5] The Complaint also fails to plead a plausible tortious interference claim because it failed to identify any specific Amazon existing or prospective customer that Ledge Lounger allegedly knew of and interfered with.

### B. Defamation

To prove defamation under Ohio state law requires that the plaintiff show: "(1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault ...." *NOCO,* 35 F.4th at 482 quoting *Anthony List v. Driehaus*, 779 F.3d 628, 632-33 (6th Cir. 2015). Step2 failed to plead a plausible claim of defamation as explained below.

### 3. Step2 Failed to Plead Facts Demonstrating a Plausible Claim that the Amazon Takedown Notice was False or Defamatory

The sole basis for Step2's defamation claim is that the "infringement reports from Defendant Ledge Lounger to Amazon regarding Step2's Vero Pool Lounger were false" and that Ledge Lounger "knew the reports were false." Complaint, ¶¶ 69-70. But neither allegation pleads sufficient facts to proceed with Step2's defamation claim because the Complaint does not plead facts showing that Ledge Lounger made a false or defamatory statement of fact. Indeed, the Complaint does not identify any statement in the Amazon takedown notice that was false or defamatory and the Court may reject Step2's unsupported "false" label. *Ass'n of Cleveland Fire Fighters,* 502 F.3d at 548.

Indeed, the factual statements to Amazon were unquestionably true. The Amazon Report Infringement form truthfully identified (i) the product in question based on its Amazon Standard Identification Number(s), (ii) the owner of the intellectual property (Ledge Lounger, Inc.), and (iii) the fact that Ledge Lounger's trade dress is registered and its registration number. The form also included the basis for Ledge Lounger's belief of "alleged intellectual property infringements," Ex. B. Amazon investigated Ledge Lounger's allegation and agreed that infringement had happened. Ex. C. Step2's disagreement with the USPTO's decision to issue Ledge Lounger a federal

registration for its trade dress and Ledge Lounger's (and Amazon's) opinion that the Vero Pool Lounger infringes the registered trade dress does not show any false or defamatory statement was made to Amazon.

### 4. Step2 Failed to Plead Facts Showing Ledge Lounger's Infringement Report was the Proximate Cause of Step2's Alleged Injury

Step2's defamation claim, like its tortious interference claim, also fails to state a plausible claim because Ledge Lounger was not the proximate cause of the alleged injury. As explained above, Amazon's independent investigation of trade dress infringement was an intervening cause that relieves Ledge Lounger of any responsibility. *NOCO,* 35 4th at 487.

### 5. Statements to Amazon Are Absolutely Privileged

Under Ohio law, parties have absolute immunity from defamation suits arising out of statements made during and relevant to litigation. *Cadle*, 123 F. App'x at 681 citing *Erie County Farmers' Ins. Co. v. Crecelius*, 122 Ohio St. 210 (1930); *see also Reister v. Gardner*, 164 Ohio St. 3d 546, 548 (Ohio 2020) ("we reaffirm our long-established rule that the litigation privilege provides absolute immunity from civil suits for defamatory statements made during and relevant to judicial proceedings."). The litigation privilege applies to pre-suit communications as well as communications in litigation. *Cadle*, 123 F. App'x at 681 (demand letter threatening litigation did not support actionable defamation claim). Courts have extended the litigation privilege to statements in quasi-legal proceedings. *See Baldwin v. adidas America*, *Inc.*, No. C2-02-265, 2002 WL 2012562, *3 (S.D. Ohio July 29, 2002) (holding "Ohio extends an absolute privilege to quasi-judicial proceedings" and finding statements in a petition for cancellation of a trademark filed with the Patent and Trademark Office protected by absolute privilege); *Barilla v.* Patella, 760 N.E. 2d 898, 906 (Ohio Ct. App. 2001) ("[c]ommunications made during unemployment proceedings, which are quasi-judicial in nature, are subject to an absolute privilege"); *see also Prakash v. Altadis*

*U.S.A Inc.*, 2002 WL 1109918, *11 (N.D. Ohio March 30, 2012) ("trademark policing activities cannot form the basis of any of Plaintiff's state law claims" finding absolute privilege applied to statement made in cease-and-desist letters and PTO Opposition Proceedings).

Ledge Lounger's infringement reports to Amazon are protected by an absolute privilege because Amazon's intellectual property protection program is quasi-judicial in nature. *See Sunny Factory, LLC v. Chen*, No. 21 C 3648, 2022 WL 742429, * 2-3 (N.D. Ill. March 11, 2022) (granting motion to dismiss defamation claims based on Amazon copyright infringement reports finding reports are communications preliminary to a proposed judicial proceeding and absolutely privileged under Illinois law). Accordingly, a defamation claim cannot be premised on a statement in an Amazon infringement report. *Id.*

Thus, Step2 failed to plead a plausible claim of defamation.

## VI.      CONCLUSION

For the foregoing reasons, the Court should find that it lacks personal jurisdiction over Ledge Lounger and that the Complaint fails to set forth plausible claims of tortious interference and defamation.

Dated: July 8, 2024                              Respectfully submitted,


                                    By:  */s/ Matthew P. Becker*
                                         Drew H. Campbell (0047197)
                                         dcampbell@brickergraydon.com
                                         BRICKER GRAYDON
                                         100 South Third Street
                                         Columbus, OH 43215
                                         Tel. (614) 227-2300
                                         Fax: (614) 227-2390

                                         Scott A. Burow (*admitted pro hac vice*)
                                         Illinois Bar No. 6242616
                                         sburow@bannerwitcoff.com

BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Matthew P. Becker (admitted *pro hac vice*)
Illinois Bar No. 6255614
mbecker@bannerwitcoff.com
Christian T. Wolfgram (admitted *pro hac vice*)
Illinois Bar No. 6333565
cwolfgram@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 S. Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

ATTORNEYS FOR DEFENDANT
LEDGE LOUNGER, INC.

**LOCAL RULE 7.1 CERTIFICATE OF TRACK AND MEMORANDUM LENGTH**

I, Matthew P. Becker, certify that this case has not been assigned a specific track. Accordingly, Defendant believes this is an unassigned case having a 20 page limit for memorandum supporting its dispositive motions. LR 7.1 (f). The foregoing memorandum adheres to the page limitations set forth in LR 7.1(f).


_/s/ Matthew P. Becker_
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I certify that on July 8, 2024, a true and accurate copy of DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM AND MEMORANDUM IN SUPPORT was filed with the court through its ECF filing system, thereby providing notice to all counsel of record.


*/s/ Matthew P. Becker*
Attorney for Defendant