# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| The Step2 Company, LLC | Case No. 5:24-cv-807 |
| **Plaintiff,** | Judge David A. Ruiz |
| v. | Magistrate Judge Ruben J. Sheperd |
| Ledge Lounger, Inc. and Christopher Anderson | |
| **Defendants.** | Jury Trial Demanded |

## CHRISTOPHER ANDERSON'S MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

Now comes Christopher Anderson ("Anderson"), by and through counsel, and hereby moves to dismiss the sole claim against him (Claim 6 for fraudulent trademark registration under 15 U.S.C. § 1120) under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

A Memorandum in Support is attached hereto.

Dated: September 6, 2024

Respectfully submitted,

By: /s/Matthew P. Becker
    Drew H. Campbell (0047197)
    dcampbell@brickergraydon.com
    BRICKER GRAYDON
    100 South Third Street
    Columbus, OH 43215
    Tel. (614) 227-2300
    Fax: (614) 227-2390

Scott A. Burow (*admitted pro hac vice*)
Illinois Bar No. 6242616
sburow@bannerwitcoff.com
Matthew P. Becker (admitted *pro hac vice*)
Illinois Bar No. 6255614
mbecker@bannerwitcoff.com
Christian T. Wolfgram (admitted *pro hac vice*)
Illinois Bar No. 6333565
cwolfgram@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 S. Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

ATTORNEYS FOR DEFENDANT
LEDGE LOUNGER, INC. and CHRISTOPHER
ANDERSON

## <u>TABLE OF CONTENTS</u>

**MEMORANDUM IN SUPPORT** ........................................................................1

**I.     INTRODUCTION** ...............................................................................1

**II.    STATEMENT OF THE ISSUES** .......................................................3

**III.   SUMMARY OF THE ARGUMENT** ..................................................4

**IV.    ARGUMENT** ......................................................................................5

    **A.     The FAC Fails to Set Forth a *Prima Facie* Basis for Personal Jurisdiction** .....6

        **1.     Applicable Law** ..........................................................6

        **2.     The FAC Fails to Allege that Anderson Has Minimum Contacts with Ohio** .................7

        **3.     Alleged Injury in the Forum Is Insufficient to Satisfy Due Process** .....9

**V.     THE FAC FAILS TO STATE A CONGNIZABLE 15 U.S.C. § 1120 CLAIM** .........12

    **A.     Congress Did Not Authorize a 15 U.S.C. § 1120 Suit Against a Person That Did Not Obtain a Trademark Registration** ......13

    **B.     Step2 Failed to Plead Consequential Damages from the Registration** ...........14

    **C.     Step2 Failed to Plead a Plausible Claim that Anderson Committed Fraud** ...15

        **1.     Anderson Truthfully Stated that the Wave Form Trade Dress is Not the Subject Matter of the '975 Patent** ...........15

        **2.     Step2 Failed to Explain Why a Statement Relating to the Design of the Trade Dress was False or Fraudulent** .................16

        **3.     The Claim Fails to Plausibly Allege "But For" Materiality** ...............16

        **4.     Step2 Fails to Allege that Anderson Knowingly Made a False Misrepresentations With Intent to Deceive the PTO** .........................17

**VI.    CONCLUSION** ................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*3Point Distribution LLC v. Cafepress.com, Inc.*,
   No. 07-cv-432, 2008 WL 11341309 (C.D. Cal. 2008) ............................................................14

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*,
   502 F.3d 545 (6th Cir. 2007) .......................................................................................... 12, 17

*Aureflam Corp. v. Pho Hoa Phat I, Inc.*,
   375 F.Supp.2d 950 (N.D. Cal. 2005) ...................................................................................14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..............................................................................................................12

*Benton Production Enters., Inc. v. Motion Media*,
   125 F.3d 855 (6th Cir. Sept. 30, 1997) ......................................................................... 12, 17

*Blessing v. Chandrasekhar*,
   988 F.3d 889 (6th Cir. 2021) ............................................................................................7, 9

*Brana v. Moravcik*, No. 20-cv-4057,
   2021 WL 4771008 (6th Cir. May 18, 2021) ....................................................................7, 9

*Dadbod Apparel LLC v. Hildawn Design LLC*,
   No. 24-cv-00188, 2024 WL 1886497 (N.D. Cal. Apr. 30, 2024)..........................................11

*English Tea Shop USA v. Hall*,
   No. 20-cv-3453 (N.D. Tex. May 17, 2021) ...........................................................................11

*Etekcity Corp. v. Devine LEDS Ltd.*,
   No. 19-cv-1246, 2019 WL 7945607 (C.D. Cal. Oct. 30, 2019) ........................................8, 11

*Gaudreau v. Am. Promotional Events, Inc.*,
   511 F.Supp.2d 152 (D.D.C. 2007) .......................................................................................13

*GFR, Ltd. v. Farner*,
   No. 18-cv-238, 2019 WL 1198538 (W.D. Mich. Mar. 14, 2019)..........................................12

*Gilbert/Robinson, Inc. v. Carrie Beverage-Mo., Inc.*,
   989 F.2d 985 (8th Cir. 1993) .......................................................................................... 14, 16

*Heckler & Koch, Inc. v. German Sport Guns GmbH*,
   71 F.Supp.3d 866 (S.D. Ind. 2014) ......................................................................................17

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ................................................................................................................6

*Inwood Labs., Inc. v. Ives Labs., Inc.*,
   456 U.S. 844 (1982) ..............................................................................................................16

*Jackson v. City of Columbus*,
   194 F.3d 737 (6th Cir. 1999) .................................................................................................2

*LAK, Inc. v. Deer Creek Enter.*,
   885 F.2d 1293 (6th Cir. 1989) ...............................................................................................7

*League of United Latin Am. Citizens v. Bredesen,*
   500 F.3d 523 (6th Cir. 2007) ............................................................................12

*MAG IAS Holdings, Inc. v. Shmuckle,*
   854 F.3d 894 (6th Cir. 2017) .............................................................................7, 9

*Magna Int'l, Inc. v. Deco Plas, Inc.,*
   2010 WL 2044873 (N.D. Ohio May 10, 2010) ...................................................18

*Maxitrate Tratamento Termico E Controles v. Super Systems, Inc.,*
   617 Fed.Appx. 406, 409, 2015 WL 3407370 (6th Cir. May 28, 2015) ...................9

*Means v. U.S. Conference of Catholic Bishops,*
   836 F.3d 643 (6th Cir. 2016) ...............................................................................7

*Parker v. Winwood,*
   938 F.3d 833, 839(6th Cir. 2019) ......................................................................6, 9

*Reynolds v. Int'l Amateur Athletic Fed'n,*
   23 F.3d 1110 (6th Cir. 1994) ..............................................................................10

*San Juan Prods., Inc. v. San Juan Pools of Kan., Inc.,*
   849 F.2d 468 (10th Cir.1988) .............................................................................18

*Serras v. First Tenn. Bank Nat'l Ass'n,*
   875 F.2d 1212 (6th Cir.1989) ...............................................................................6

*Shenzhen Wanfan Tech. Co. Ltd. v. Orbital Structures Pty Ltd.,*
   No. 23-cv-02330, 2024 WL 325339 (N.D. Ill. Jan. 29, 2024) ...............................11

*SnapPower v. Lighting Def. Grp.,*
   100 F.4th 1371 (Fed. Cir. 2024) .........................................................................10

*SunCoke Energy, Inc. v. MAN Ferrostaal Aktiengesellschaft,*
   563 F.3d 211 (6th Cir. 2009) ...............................................................................6

*Therasense, Inc. v. Becton, Dickinson and Co.,*
   649 F.3d 1276 (Fed. Cir. 2011) ..........................................................................18

*Touche Ross & Co. v. Redington,*
   442 US 560 (1979).............................................................................................13

*Walden v. Fiore,*
   571 U.S. 277 (2014) ....................................................................................7, 9, 10

**Statutes**

15 U.S.C. § 1120.............................................................................................passim

35 U.S.C. § 112(b) ................................................................................................15

Ohio Rev. Code § 2307.382(C) ...............................................................................6

**Rules**

Fed. R. Civ. P. 12(b)(2)....................................................................................i, 2, 5

Fed. R. Civ. P. 12(b)(6)........................................................................................................i, 2, 5

### MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

Defendant Anderson is the founder and former CEO of defendant Ledge Lounger Inc. ("Ledge Lounger" or "Ledge"). ECF# 13, First Amended Complaint ("FAC"), ¶ 4. Anderson is a resident of Texas. FAC, ¶ 4. Defendant Ledge Lounger is a Texas corporation having its headquarters in Texas. Ledge Lounger manufactures and sells outdoor products, including distinctive in-pool chaise lounge chairs.

In 2022, the United States Patent and Trademark Office awarded Ledge Lounger a federal trademark registration (U.S. Trademark Registration No. 6,932,905) (the '905 Registration) for the trade dress of its lounge furniture; outdoor furniture, and Ledge Lounger also has common law trade dress rights. FAC, ¶¶ 3, 34, Ex. 2.

Plaintiff The Step2 Company, LLC ("Step2") is a Delaware limited liability company with a principal place of business in Ohio. FAC, ¶ 2. Step2 is a manufacturer of rotational molded plastic goods. *Id.*, ¶ 9. In 2023, Step2 expanded its product line to pool furniture, including the Vero Pool Lounger chaise lounge. *Id.* at ¶¶ 10-11.

On April 3, 2024, counsel for Ledge Lounger sent Step2 correspondence identifying Ledge Lounger's intellectual property rights, including its federally registered trade dress, and informing Step2 that its Vero Pool Lounger infringes Ledge Lounger's trade dress. FAC, ¶ 70, Ex. A. On April 19, 2024, counsel for Ledge Lounger submitted an on-line form to Amazon to allege that Step2's Vero Pool Lounger chaise infringed Ledge Lounger's intellectual property rights. FAC, ¶ 72, Ex. B. Amazon is based in Seattle, Washington. *See* https://www.aboutamazon.com/workplace/corporate-offices. On April 23, 2024, Amazon informed Ledge Lounger it had "reviewed your report and removed the infringing content"

- 1 -

following its investigation. Ex. C (Amazon's report notes that its "team only investigates one type of infringement per submission …."); *see* FAC, ¶ 80.[1]

On May 6, 2024, Step2 filed a Complaint which alleged four claims against Ledge Lounger: (1) declaratory judgment of invalidity and unenforceability, (2) declaratory judgment of noninfringement, (3) tortious interference, and (4) defamation. ECF# 1, Complaint, ¶¶ 56-71.

On July 8, 2024, Ledge Lounger moved under Fed. R. Civ. P. 12(b)(2) to dismiss all claims for lack of personal jurisdiction and under Fed. R. Civ. P. 12(b)(6) to dismiss the tortious interference and defamation claims for failure to state a claim. ECF# 9.

On August 12, 2024, Step2 filed its FAC adding three new claims against Ledge Lounger for (1) cancellation of Ledge's federal trademark registration, (2) liability for fraudulent trademark registration under 15 U.S.C. § 1120, and (3) attempted monopolization. The FAC also named Anderson as a defendant solely for the claim brought under 15 U.S.C. § 1120.

Step2's FAC only statement for personal jurisdiction over Anderson is found in Paragraph 8, which states:

> 8. This Court has personal jurisdiction over Defendants at least because the Court's exercise of personal jurisdiction is consistent with the Ohio Constitution and the United States Constitution. In addition, this Court has personal jurisdiction over Defendants at least because Step2's causes of action arise from (1) Defendant Ledge Lounger's causing tortious injury in Ohio, where Defendant Ledge Lounger regularly does and solicits business; and (2) ***Defendants' causing tortious injury in Ohio to Step2 "by an act outside this state committed with the purpose of injuring persons, when [Defendants] might reasonably have expected that some person would be injured thereby in this state."*** Ohio Rev. Code § 2307.382; *SnapRays, dba SnapPower v. Lighting Def. Grp.*, 100 F.4th 1371, 1378 (Fed. Cir. May 2, 2024) (holding extra-judicial enforcement

---

[1] The FAC refers to Ledge Lounger's cease and desist letter, the Amazon takedown communications, and proceedings in the PTO related to Ledge Lounger's trademark registration. These documents are properly considered part of the pleadings because they are "central to plaintiff's claims." *See Jackson v. City of Columbus*, 194 F.3d 737, 745-46 (6th Cir. 1999) ("[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim.").

> activities through Amazon subjected defendant to personal jurisdiction in
> plaintiff's state for declaratory judgment claim, reversing district court's granting
> of motion to dismiss for lack of personal jurisdiction).

FAC ¶ 8 (emphasis added). As explained below, these allegations are insufficient to establish that

non-resident Anderson has minimum contacts, let alone any contacts, with Ohio sufficient to

satisfy due process considerations.

Step2's 15 U.S.C. § 1120 claim also fails to allege a cognizable claim for relief against

Anderson. Congress expressly limited liability under 15 U.S.C. § 1120 to persons who fraudulently

"procured" a trademark registration, *i.e.* the owner of the registration. In this case, Ledge Lounger

is the owner of the '905 Registration, not Anderson. FAC ¶ 34, Ex. 2. Additionally, Step2 failed

to plausibly plead injury due to the *registration* of Ledge Lounger's trademark because Step2's

Vero Lounger chair was not in the market at the time of registration. Finally, Step2 failed to

plausibly plead that Anderson committed fraud during the trademark application process. Thus,

the claim under 15 U.S.C. § 1120 against Anderson fails as a matter of law.

Accordingly, Anderson moves to dismiss the 15 U.S.C. § 1120 claim against him for lack

of personal jurisdiction and failure to state a claim for relief.

## II.    STATEMENT OF THE ISSUES

1.    Whether the Court may exercise personal jurisdiction over Anderson when he did

not purposefully direct acts to the state of Ohio and the only link to the forum is Plaintiff's alleged

injury in Ohio.

2.    Whether Step2 failed to state a cognizable claim for relief under 15 U.S.C. § 1120

against Anderson because Anderson is not the owner of the '905 Registration and Congress limited

liability under 15 U.S.C. § 1120 to persons who "procured" a trademark fraudulently.

3.    Whether Step2 failed to plead a plausible claim for relief under 15 U.S.C. § 1120

because the injury Step2 alleged is due to the later *use* of the registration and not the *registration*

as required by the plain language of 15 U.S.C. § 1120.

    4.    Whether Step2 failed to plead a plausible claim for relief under 15 U.S.C. § 1120 because Step2 failed to plausibly allege Anderson committed fraud in the PTO.

## III.    SUMMARY OF THE ARGUMENT

Anderson lacks sufficient minimum contacts with Ohio to exercise personal jurisdiction over him; therefore, Anderson should be dismissed from this lawsuit. Anderson is a not a resident of Ohio; he resides in Texas. FAC ¶ 4. Step2's FAC fails to identify *any* activity by non-resident Anderson in Ohio or contacts with Ohio related to its 15 U.S.C. § 1120 claim. Indeed, Step2 premises jurisdiction over Anderson based on "an act outside this state." FAC ¶ 8. While not clear which specific act Step2 bases personal jurisdiction over Anderson, Step2 appears to rely on: (1) a declaration Anderson submitted to the PTO in Washington, D.C., *see* FAC ¶¶ 4, 38-40, 47, 49, 56-59, 88, 91, 100, 121, 122, and (2) an infringement report submitted by Ledge Lounger's counsel to Amazon in Seattle, Washington. *Id.*, ¶¶ 72, 77, 80. Neither of these actions alone or in combination satisfies the minimum contacts necessary to satisfy the Due Process Clause.

The FAC does not allege that the declaration was a contact with Ohio. Indeed, the declaration was submitted to the PTO in Washington, D.C. *See* FAC ¶ 4.

The Amazon infringement report was not an enforcement action in Ohio, because the on-line report was directed to Amazon in Seattle, Washington. And there is no allegation that Anderson sent the infringement report to Amazon (he didn't, *see* Ex. B) or directed activities in Ohio. *See* FAC ¶ 82 ("when *Defendant Ledge Lounger* submitted its infringement reports with Amazon … *Defendant Ledge Lounger* purposefully directed its activities at Step2 in Ohio …") (emphasis added).

The only activity directed to Ohio identified in the FAC is the sending of a notice of infringement letter by Ledge Lounger's counsel. FAC ¶ 70. But counsel sending a letter relating

to trade dress infringement is insufficient, on its own, to establish personal jurisdiction over Ledge Lounger, let alone Anderson personally.

Although Step2 alleges *harm* in Ohio from Amazon's decision to take down the infringing product from Amazon's website, *see* FAC ¶ 77, *harm* to the complainant in the forum is insufficient to establish minimum contacts for personal jurisdiction under Supreme Court and Sixth Circuit precedent. Thus, Step2 did not plead sufficient facts to support that Anderson had the necessary minimum contacts with Ohio to exercise personal jurisdiction over him.

Step2's FAC also fails to state a plausible claim for relief under 15 U.S.C. § 1120 against Anderson. Congress limited liability under 15 U.S.C. § 1120 to a person that "procured" a trademark registration, *i.e.* the trademark owner. Anderson did not "procure" the '905 trademark registration; Ledge Lounger did as it is the undisputed owner of the registration. FAC ¶¶ 28, 34, Ex. 2. Furthermore, Step2 failed to allege particularized harm due to the *registration* of Ledge Lounger's trademark. Step2 did not begin selling its Vero product until *after* the PTO issued Ledge Lounger's '905 trademark registration. FAC ¶¶ 11, 34. But, a cognizable 15 U.S.C. § 1120 injury must arise from and at the time of registration rather than through later use. Finally, Step2 failed to plausibly plead that Anderson committed fraud in the PTO and so there is no support for a 15 U.S.C. § 1120 claim.

For at least these reasons, Step2's FAC should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal and Rule 12(b)(6) for failure to state a claim.

## IV.    ARGUMENT

The sole claim asserted against Anderson is Step2's Sixth Claim for Relief under 15 U.S.C. § 1120 for alleged fraudulent trademark registration. FAC ¶¶ 119-123. The Sixth Claim is the only claim in the FAC specifically referring to Anderson or Defendants. The remaining claims make an allegation solely against Ledge Lounger. See FAC ¶¶ 92-118, 124-133. As discussed below,

Step2's FAC fails to set forth a *prima facie* basis for personal jurisdiction over Anderson and fails to state a cognizable 15 U.S.C. § 1120 claim.

### A.  The FAC Fails to Set Forth a *Prima Facie* Basis for Personal Jurisdiction

#### 1.  Applicable Law

In the context of a Rule 12(b)(2) motion, a plaintiff bears the burden of establishing the existence of personal jurisdiction.[2] *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989). And "personal jurisdiction...must be proper as to each claim." *SunCoke Energy, Inc. v. MAN Ferrostaal Aktiengesellschaft*, 563 F.3d 211, 219 (6th Cir. 2009).

A federal court can exercise personal jurisdiction over a defendant in a diversity action if jurisdiction is (1) authorized by the law of the state in which it sits,[3] and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. *Parker v. Winwood,* 938 F.3d 833, 839 (6th Cir. 2019). The Due Process inquiry examines whether a nonresident defendant has sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction satisfies "traditional notions of fair play and substantial justice." *Id.,* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

With respect to purposeful availment, the Sixth Circuit has applied a three-part test for personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

---

[2] The FAC does not allege that there is general personal jurisdiction over Anderson in Ohio.

[3] For purposes of this motion, Anderson does not dispute that Ohio's Long Arm Statute allows the exercise of personal jurisdiction to the extent allowed by the U.S. Constitution. Ohio Rev. Code § 2307.382(C).

*Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016). The "failure to meet any one of the three means that personal jurisdiction may not be invoked." *LAK, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1303 (6th Cir. 1989).

The "minimum contacts" analysis depends on the defendant's contact with the forum, "not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). As both the Supreme Court and Sixth Circuit have held, the mere injury to the plaintiff in the forum is insufficient to establish personal jurisdiction. *Walden*, 571 U.S. 277, 285; *MAG IAS Holdings, Inc. v. Shmuckle*, 854 F.3d 894, 901 (6th Cir. 2017); *Parker v. Winwood*, 938 F.3d 833, 840 (6th Cir. 2019) (holding *Walden* foreclosed that alleged willful copyright infringement in England "qualifies as purposeful activity in Tennessee because [defendant] intentionally harmed Tennessee residents."); *Brana v. Moravcik*, No. 20-cv-4057, 2021 WL 4771008, *3 (6th Cir. May 18, 2021) (affirming dismissal for lack of personal jurisdiction because "alleged injury alone does not demonstrate a substantial connection between [defendant] and Ohio to satisfy due process.").

"The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 279. In other words, "the plaintiff cannot be the only link between the defendant and the forum." *Blessing v. Chandrasekhar*, 988 F.3d 889, 904 (6th Cir. 2021) quoting *Walden*, 571 U.S. at 285.

### 2.  The FAC Fails to Allege that Anderson Has Minimum Contacts with Ohio

Step2's FAC fails to set forth a prima facie case of personal jurisdiction over Anderson because it fails to allege minimum contacts with Ohio. Indeed, the FAC does not allege *any* contact by Anderson with Ohio. Indeed, Step2 bases personal jurisdiction over Anderson based on Ohio Rev. Code § 2307.382(6) and causing tortious injury based on acts committed "*outside* this state." *See* FAC ¶ 8.

The FAC does not allege that Anderson made contacts with Ohio by submitting a declaration to the PTO. This is unsurprising because the PTO is in Washington D.C. Nor could Step2 plausibly claim that the declaration was directed at Step 2. When Anderson submitted his declaration in June 2020, Step2 was *three years* away from entering the marketplace with its Vero Pool Lounger lounge chair. FAC ¶ 11, 38.

The infringement reports (which the FAC alleges Ledge Lounger, not Anderson) submitted via Amazon's on-line form is also not an enforcement action directed to Ohio. FAC ¶ 72. The reports were directed to Amazon in the state of Washington. *Etekcity Corp. v. Devine LEDS Ltd.*, No. 19-cv-1246, 2019 WL 7945607, *3 (C.D. Cal. Oct. 30, 2019) (granting motion to dismiss for lack of personal jurisdiction finding "Plaintiff sent the letter to Amazon, located in Seattle, Washington …. which would make the letter a contact with Washington."). The Amazon infringement report also was not specifically about activities in Ohio. Rather, the report complained about the Vero product listing on Amazon's website which is accessible anywhere in the world. The infringement report was not Ohio-centric and has no connection to this forum other than the fact that Step2 is located in this forum.

Although Step2 alleges that "when *Defendant Ledge Lounger* submitted its infringement reports with Amazon regarding Step2's Vero Pool Lounger, *Defendant Ledge Lounger* purposefully directed its activities at Step2 in Ohio, intending effects that would be felt in Ohio, and, indeed, that were expressly aimed at Ohio," FAC, ¶ 82 (emphasis added), Step2 fails to allege that *Anderson* purposefully directed activities at Step2 in Ohio.

Accordingly, Step2 has not plead sufficient contacts *in this forum* relating to the purported 15 U.S.C. § 1120 claim for the court to exercise personal jurisdiction. Nor does the cause of action

- 8 -

arise from activities *in this forum*. All of the actions underlying Step2's 15 U.S.C. § 1120 claim occurred *outside* the state of Ohio.

### 3. Alleged Injury in the Forum Is Insufficient to Satisfy Due Process

In essence, Step2 predicates personal jurisdiction over Anderson solely based on alleged injury in this forum. *See* FAC ¶ 8. But, the Supreme Court and Sixth Circuit precedent foreclose this argument, as both have held that the mere injury to the plaintiff in the forum is insufficient to establish personal jurisdiction. *Walden*, 571 U.S. 277, 285 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."); *MAG IAS Holdings, Inc. v. Shmuckle*, 854 F.3d 894, 901 (6th Cir. 2017); *Parker v. Winwood*, 938 F.3d 833, 840 (6th Cir. 2019) (holding *Walden* foreclosed that alleged willful copyright infringement in England "qualifies as purposeful activity in Tennessee because [defendant] intentionally harmed Tennessee residents."); *Brana*, 2021 WL 4771008 at *3 (6th Cir. May 18, 2021) (affirming dismissal for lack of personal jurisdiction because "alleged injury alone does not demonstrate a substantial connection between [defendant] and Ohio to satisfy due process."); *Blessing v. Chandrasekhar*, 988 F.3d 889, 904 (6th Cir. 2021) (alleged harm in Kentucky insufficient to exercise personal jurisdiction); *Maxitrate Tratamento Termico E Controles v. Super Systems, Inc.*, 617 Fed.Appx. 406, 409, 2015 WL 3407370, at *3 (6th Cir. May 28, 2015) (holding *Walden* forecloses theory of personal jurisdiction based on the argument that jurisdiction is proper where a plaintiff felt the effects of a defendant's actions).

Step2's 15 U.S.C. § 1120 claim is premised on the declaration submitted to the PTO and a communication (an infringement report) sent to Amazon in the state of Washington. Where communications form the basis of a claim, the Sixth Circuit has consistently held that "personal jurisdiction is absent when the communication was not specifically directed at the forum state." *Blessing*, 988 F.3d at 905-907 (exercising personal jurisdiction over out-of-state defendant would

not comply with due process because allegedly tortious positing on social media were not specifically directed to forum); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1114 (6th Cir. 1994) (London-based association not subject to personal jurisdiction in Ohio where press release concerned plaintiff's activities abroad and defendant did not publish or circulate the press release in Ohio); *Cadle,* 123 F. App'x at 679 (no personal jurisdiction over defendant in Ohio where publication was about Ohio resident, but publication was not "specifically target[ed] or [wa]s even directed at Ohio readers, as opposed to the residents of other states.").

Anderson did not submit the infringement report. While the infringement report was about Step2, it was directed to Amazon in Washington. And the complained about activities were not specific to Ohio, but to a product on Amazon's website accessible anywhere in the world. As in *Walden*, Step2 was allegedly injured in Ohio "not because anything independently occurred there, but because [Ohio] is where [Step2] chose to be." *Walden*, 571 U.S. at 290. Similarly, the declaration was not directed to Ohio or about anything or anyone in Ohio.

The Court should decline Step2's invitation to follow the Federal Circuit's *SnapPower* decision. *See* FAC, ¶ 8 citing *SnapPower v. Lighting Def. Grp.*, 100 F.4th 1371, 2024 WL 1916631 (Fed. Cir. 2024). First, *SnapPower* is not binding precedent because it applied Federal Circuit law to a patent issue whereas the Sixth Circuit's case law governs personal jurisdiction in this case. Second, *Snap Power* was incorrectly decided and the Sixth Circuit would reject the Federal Circuit's reasoning. The Federal Circuit stated that "LDG purposefully directed its activities at SnapPower in Utah, *intending effects which would be felt in Utah*, and conclude this satisfies the first element of our test for personal jurisdiction." *SnapPower*, 100 F.4th at 1375. In other words, the Federal Circuit relied solely on the injury in Utah as the only contact with Utah. As discussed above, *Walden* forecloses this argument, as the Sixth Circuit has repeatedly held.

- 10 -

Finally, the Federal Circuit found its decision "consistent with our sister circuits which held extra-judicial enforcement activities, even when routed through a third party, satisfy purposeful direction." *Id.* at 1375. The validity of the sister circuit decisions cited from the Ninth and Tenth Circuit cited in *SnapPower* are dubious because all three cases were decided *before* the Supreme Court issued its *Walden* decision rejecting the proposition that injury in a forum is sufficient to establish personal jurisdiction.

Instead, this Court should follow the majority of courts that have addressed this issue and find that infringement reports (*i.e.* takedown letters) directed to out-of-forum website providers do not constitute purposeful acts directed to the forum sufficient to exercise personal jurisdiction under state long-arm statutes. *Dadbod Apparel LLC v. Hildawn Design LLC*, No. 24-cv-00188, 2024 WL 1886497, *4-5 (N.D. Cal. Apr. 30, 2024) (Amazon takedown actions did not constitute purposeful direction despite "allegations that Defendants' actions were intended to affect Plaintiff and that Defendant had knowledge of Plaintiff's contacts with forum"); *Shenzhen Wanfan Tech. Co. Ltd. v. Orbital Structures Pty Ltd.*, No. 23-cv-02330, 2024 WL 325339, *4 (N.D. Ill. Jan. 29, 2024) (granting motion to dismiss, finding Court cannot exercise personal jurisdiction under Illinois long-arm statute where tortious interference claims are based on Amazon takedown complaints); *English Tea Shop USA v. Hall*, No. 20-cv-3453, *6-7 (N.D. Tex. May 17, 2021) (granting motion to dismiss for lack of personal jurisdiction because Amazon takedown notices were not purposely directed to Texas); *Etekcity,* 2019 WL 7945607 at *3 (granting motion to dismiss for lack of personal jurisdiction, finding infringement notice to Amazon was directed to Washington and not the forum). The reasoning in these decisions aligns with the *Walden* decision and Sixth Circuit precedent applying it.

For at least these reasons, Anderson requests that its motion for lack of personal jurisdiction be granted.

## V.     THE FAC FAILS TO STATE A CONGNIZABLE 15 U.S.C. § 1120 CLAIM

A pleading must contain sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original). Showing entitlement to relief "'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

To sustain a claim for damages under 15 U.S.C. § 1120, Step2 must show that Anderson (1) made a false or fraudulent representation of a material fact in securing the mark; (2) that Anderson knew or believed that this representation was false; (3) that Anderson intended to induce the PTO to rely on this misrepresentation; (4) that there was reasonable reliance on the misrepresentation; and (5) that Step2's damages were proximately caused by Anderson's alleged misrepresentation. *Benton Production Enters., Inc. v. Motion Media*, 125 F.3d 855, at *3 (6th Cir. Sept. 30, 1997); *Jaguar*, 2018 WL 11352593, at *2; *GFR, Ltd. v. Farner*, No. 18-cv-238, 2019 WL 1198538, at *3 (W.D. Mich. Mar. 14, 2019).

As discussed below, the FAC fails to set forth a plausible claim for relief against Anderson under 15 U.S.C. § 1120 (Sixth Claim).

**A. Congress Did Not Authorize a 15 U.S.C. § 1120 Suit Against a Person That Did Not Obtain a Trademark Registration**

Step2's claim under 15 U.S.C. § 1120 against Anderson fails to state a plausible claim for relief because the plain language of the statute does not authorize suit against Anderson, because he did not "procure" a trademark registration. "The question of the existence of a statutory cause of action is, of course, one of statutory construction." *Touche Ross & Co. v. Redington*, 442 US 560, 568 (1979). "And as with any case involving the interpretation of a statute, our analysis must begin with the language of the statute itself." *Id.*

Section of 1120 the Lanham Act states:

> *Any person who shall procure registration* ... by a false or fraudulent declaration *...shall be liable* in a civil action by any person injured thereby for any damages sustained in consequence thereof.

15 U.S.C. § 1120 (emphasis added). By its plain language, only a person who "procure[s]" a registration may be liable under this statute. Courts interpreting 15 U.S.C. § 1120 have found it "clear that [the] *trademark owner* must have actually procured a federal trademark registration in order for its deeds to be actionable in federal court under Section 38 [of the Lanham Act]." *Gaudreau v. Am. Promotional Events, Inc.*, 511 F.Supp.2d 152, 160 (D.D.C. 2007) (collecting cases). Thus, parties lack standing to assert a claim under 15 U.S.C. § 1120 prior to the issuance of a trademark registration. *Id.*

Here, Congress limited liability in 15 U.S.C. § 1120 actions only to "any person who [] procure[d] registration." Congress could have extended liability under 15 U.S.C. § 1120 to anyone who submitted a declaration, but Congress did not. Because Anderson did not personally "procure" (obtain) a trademark registration (Ledge Lounger did), no cause of action can possibly arise against Anderson under 15 U.S.C. § 1120 and, for this reason alone, Step2's claim against him should be dismissed.

- 13 -

### B. Step2 Failed to Plead Consequential Damages from the Registration

The 15 U.S.C. § 1120 claim should be dismissed for additional reasons. For a 15 U.S.C. §1120 claim, "it is not enough … merely to establish fraud in the registration"; Step2 "must also show that it sustained some damage in consequence of the fraud." *Jaguar*, 2017 WL 2472851, at *2 (citations omitted). The injury asserted "must be a proximate result of the false or fraudulent registration." *Id.*, citing *San Juan Prod.*, 849 F.2d at 473. "The injury and damages arising from the fraud must be 'clearly articulated.'" *Id.* (quotation omitted).

Step2's 15 U.S.C. § 1120 claim also fails to state a plausible claim of damages resulting from the *registration* of Ledge Lounger's trademark at the time of the registration. Instead, Step2 alleges injury based on the *use* of the registration. FAC, ¶ 122 ("Defendants Ledge Lounger and Anderson used the '905 Registration to harm Step2."); *see also id.*, ¶¶ 75-84. The Sixth Circuit has not addressed the scope of 15 U.S.C. § 1120, but other courts have found that the injury must arise from the time of the registration. *Gilbert/Robinson, Inc. v. Carrie Beverage-MO, Inc.*, 989 F.2d 985, 990 (8th Cir. 1993) (holding injury from Section 1120 claims must arise from and at the time of registration rather than through later use); *3Point Distribution LLC v. Cafepress.com, Inc.*, No. 07-cv-432, 2008 WL 11341309, 2* (C.D. Cal. 2008) (no cognizable Lanham Act injury where alleged injury occurred after registration); *Aureflam Corp. v. Pho Hoa Phat I, Inc.*, 375 F.Supp.2d 950, 955 (N.D. Cal. 2005) (same). Here, Ledge Lounger obtained the '905 Registration in 2022, FAC ¶ 34, Ex. 2, which is well *before* Step2 entered the market with its Vero Pool Lounger. FAC, ¶¶ 11-12. Thus, Step2 cannot demonstrate injury at the time of the registration.

Furthermore, Step2 failed to "clearly articulate" its injuries. The claim simply states "Step2 has been damaged by Defendants' procurement and use of the '905 Registration and is entitled both to monetary relief—including lost profits—from both Defendants in an amount to be determined at trial …" FAC, ¶ 123. This is a bare legal conclusion which the court must reject under *Iqbal*.

- 14 -

*See Durnell's*, 2023 WL 1070235, at *7 (counterclaim alleging "damage[]" due to registration was a "bare legal conclusion" and disregarded). Notably, Step2 fails to articulate how the allegedly fraudulent *registration* allegedly caused its lost profits.

### C. Step2 Failed to Plead a Plausible Claim that Anderson Committed Fraud

#### 1. Anderson Truthfully Stated that the Wave Form Trade Dress is Not the Subject Matter of the '975 Patent

Step2's 15 U.S.C. § 1120 claim also fails to set forth facts sufficient to show a plausible claim that Anderson's declaration contained false statements or knowingly false statements. Anderson's first alleged misrepresentation relates to whether "the applied-for-mark … has been the subject matter of a design or utility patent." FAC, ¶¶ 39-40. Step2's claim alleges that this statement is false because portions of the '975 Patent specification "disclose and describe the functionality of Ledge's design." *Id.*, ¶¶ 40-46.

The cited passages do not demonstrate a plausible claim that Anderson's statement is false because the applied-for-mark was ***not*** the subject matter of the '975 Patent. The subject matter of the '975 Patent is a threaded plug system, which is consistent with its title and claims of the '975 Patent. ECF# 13, Ex. 4 ("Threaded Plugs in Furniture Being Partially Submerged"). The patent *claims*, not the specification or figures, dictate the subject matter of a patent, 35 U.S.C. § 112(b) ("The specification shall conclude with one or more claims particularly pointing out and distinctly *claiming the subject matter which the inventor* … regards as the invention.) (emphasis added). The FAC fails to make any allegation based on the patent claims in the '975 patent. Indeed, none of the patent claims of the '975 Patent recite or refer to a wave form for a chair. Ex. 4, Columns 9-10. The submergible furniture includes an "outer shell and internal cavity" but provide no further details regarding its shape is claimed. Ex. 4, Claim 1. In fact, the shape is not important to the invention, as "[d]esigns for said chair 100*b* … may comprise variations on the shape and

- 15 -

dimensions …". *Id.*, 4:52-54. Thus, Mr. Anderson's statement was true and the FAC failed to plausibly allege otherwise.

### 2. Step2 Failed to Explain Why a Statement Relating to the Design of the Trade Dress was False or Fraudulent

Step2 alleges that Anderson made a false or fraudulent statement relating to whether the design of the trade dress "was developed separate from the function of lounge and outdoor furniture." FAC, ¶¶ 47-48. Step2 fails to explain why this statement is fraudulent or false. *Doughterty,* 905 F.3d at 978. Instead, Step2 merely avers that the statement is inconsistent with interviews Anderson gave relating to the development of the Ledge Lounger's lounge chair design. *See* FAC, ¶¶ 49- 55. This is insufficient to support a fraud based claim.

Step2's pleading also ignores that "functionality" for purposes of trade dress considers whether "a product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 851 n. 10 (1982). Step2's pleading fails to plead facts explaining why Mr. Anderson's statement is false under the correct legal standard for functionality, especially in light of other statements in his declaration stating the design is not essential and actually increased costs. Ex. 4, ¶¶ 30-34. This deficiency requires dismissing Step2's 15 U.S.C. § 1120 claim.

### 3. The Claim Fails to Plausibly Allege "But For" Materiality

Step2's 15 U.S.C. § 1120 claim fails to allege facts to plausibly show that Ledge Lounger's registration would not have issued "but for" the alleged misrepresentations. *Gilbert/Robinson, Inc. v. Carrie Beverage-Mo., Inc.*, 989 F.2d 985, 992 (8th Cir. 1993) (applying the Federal Circuit's patent fraud "but for" materiality definition to the trademark context), abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 124-25 (2014). "As a general matter, a misrepresentation is material only if the registration would not have issued if the

truth were known to the examiner." *Durnell's RV Sales, Inc. v. Jeff Couch's Campers*, LLC, No. 22-cv-242, 2023 WL 1070235, at *5 (S.D. Ohio Jan. 27, 2023); *see also Heckler & Koch, Inc. v. German Sport Guns GmbH*, 71 F.Supp.3d 866, 904 (S.D. Ind. 2014) (misrepresentation is material if it "would have affected the PTO's action on the applications.") (citations omitted). The materiality of a misrepresentation to the PTO is a question of law for the Court. *Heckler*, 71 F.Supp.3d at 905 n. 35.

Step2's claim asserts that Anderson's statements are "material," see FAC, ¶¶ 58, 100, but simply labeling them as "material" is insufficient to show entitlement to relief. *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548. Indeed, the PTO records demonstrate why neither of Anderson's statements could be found "but for" material to the issuance of the registration. Anderson's first alleged statement related to whether "the applied-for-mark has been the subject matter of a design or utility patent." FAC, ¶¶ 39-40. The examining attorney was required to considered the '975 Patent prior to issuing Ledge Lounger's trade dress registration, which was submitted in a letter of protest, prior to issuing the registration. Ex. D, at 1. The examining attorney also was required to consider Ledge Lounger publications, also submitted in the letter of protest, containing statements allegedly relating to the functionality of the trade dress design (e.g., partially submergible, comfort, designed to be put in a pool). Ex. D, at 19, 25, 30, 37. The examining attorney reviewed this evidence and found the trade dress non-functional and issued the registration. Thus, the registration would have issued regardless of the alleged misrepresentations.

### 4. Step2 Fails to Allege that Anderson Knowingly Made a False Misrepresentations With Intent to Deceive the PTO

Step2 failed to plead sufficient facts to plausibly show Anderson *knew* that the two alleged representations were false and intended to deceive the PTO. *Benton*, 125 F.3d 855, at *3; *see also In re Bose*, 580 F.3d at 1244-45 (holding "that a trademark is obtained fraudulently under the

Lanham Act only if the applicant … knowingly makes a false, material representation …"). Furthermore, "[i]ntent to deceive" must be "the single most reasonable inference to be drawn from the evidence," but here there is no allegations supporting specific intent. *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). There is no room for speculation, inference or surmise, however, when assessing trademark fraud claims, which is all Step2 has plead. *In re Bose* Corp., 580 F.3d at 1243.

Step2's 15 U.S.C. § 1120 claim fails to set forth any facts to support the naked assertion that "Defendants submitted the false declaration with intent to deceive the USPTO." FAC, ¶ 57. Anderson submitted his declaration believing the statements were true by "declar[ing] that the facts set forth in this application and declaration are true; all statements made of his knowledge are true …." Ex. 3, at 9. Because declarations submitted in connection with a trademark registration are "phrased in terms of subjective belief," it is "extremely difficult to prove fraud so long as the signer has an honestly held, good faith belief" in the position. *Magna Int'l, Inc. v. Deco Plas, Inc.*, 2010 WL 2044873, at *10 (N.D. Ohio May 10, 2010); *San Juan Prods., Inc. v. San Juan Pools of Kan., Inc.*, 849 F.2d 468, 472 (10th Cir.1988); 6 McCarthy, *supra*, § 31:77 ("If applicant has a good faith belief … then the oath cannot be fraudulent."). Step2 pleads no facts that would undermine Anderson's good faith belief or show deceptive intent.

Furthermore, the PTO had before it Ledge Lounger's '975 Patent and marketing materials and was in position to study them and to disagree with Anderson's statements. *Solo Cup Operating Corporation v. Lollicup USA, Inc.*, Case No. 16 C 8041, 2017 WL 3581182, *3 (N.D. Ill. Aug. 8, 2017) (granting motion to dismiss because statements by trademark applicant which the trademark examiner was in position to agree or disagree with by studying the alleged functionality of a patent

did not give rise to reasonable inference of fraudulent intent). The PTO did not disagree with Anderson's statements.

For at least these reasons, Step2 failed to plead a plausible claim for relief for its 15 U.S.C. § 1120 claim and therefore its claim should be dismissed.

## VI.    CONCLUSION

For the foregoing reasons, the Court should find that it lacks personal jurisdiction over Anderson and that the FAC fails to set forth a plausible claim under 15 U.S.C. § 1120.

Dated: September 6, 2024                        Respectfully submitted,


By:  */s/ Matthew P. Becker*
    Drew H. Campbell (0047197)
    dcampbell@brickergraydon.com
    BRICKER GRAYDON
    100 South Third Street
    Columbus, OH 43215
    Tel. (614) 227-2300
    Fax: (614) 227-2390

    Scott A. Burow (*admitted pro hac vice*)
    Illinois Bar No. 6242616
    sburow@bannerwitcoff.com
    Matthew P. Becker (admitted *pro hac vice*)
    Illinois Bar No. 6255614
    mbecker@bannerwitcoff.com
    Christian T. Wolfgram (admitted *pro hac vice*)
    Illinois Bar No. 6333565
    cwolfgram@bannerwitcoff.com
    BANNER & WITCOFF, LTD.
    71 S. Wacker Drive, Suite 3600
    Chicago, IL 60606
    Telephone: (312) 463-5000
    Facsimile: (312) 463-5001

    ATTORNEYS FOR DEFENDANT
    LEDGE LOUNGER, INC. and CHRISTOPHER
    ANDERSON

**LOCAL RULE 7.1 CERTIFICATE OF TRACK AND MEMORANDUM LENGTH**

I, Matthew P. Becker, certify that this case has not been assigned a specific track. Accordingly, Defendant believes this is an unassigned case having a 20 page limit for memorandum supporting its dispositive motions. LR 7.1 (f). The foregoing memorandum adheres to the page limitations set forth in LR 7.1(f).

*/s/ Matthew P. Becker*
Attorney for Defendants

- 20 -

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 6, 2024, a true and accurate copy of CHRISTOPHER ANDERSON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM AND MEMORANDUM IN SUPPORT was filed with the court through its ECF filing system, thereby providing notice to all counsel of record.


<u>/s/ Matthew P. Becker</u>
Attorney for Defendants